COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Jonathan Uribe v. The State of Texas

Appellate case number:     01-14-00265-CR

Trial court case number:     2013CR5298

Trial court:                          290th District Court of Bexar County

On August 8, 2014, appellant's appointed counsel, Shawn Sheffield, filed a brief, pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), concluding that the above-referenced appeal is frivolous. *See also In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). We struck the brief on August 26, 2014, after determining that the brief was deficient because it "provide[d] no discussion of the evidence," "provide[d] no aid to appellant or to this Court," and "fail[ed] to meet the requirements of *Anders*." *See McCoy v. Court of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 442, 108 S. Ct. 1895, 1903–04 (1988); *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). We therefore ordered counsel to file a new brief, by September 25, 2014, "correcting the deficiencies in the stricken brief and presenting a full discussion of the evidence presented in the trial court."

After receiving an extension of time within which to file the brief, counsel filed a new brief on October 2, 2014. The new brief, which presents several arguments for reversing the trial court's judgment and remanding for a new trial, fails to comply with the rules of appellate procedure. *See generally* TEX. R. APP. P. 38.1. Specifically, the brief fails to include a statement regarding oral argument[1] and fails to include a statement of facts. *See id.* 38.1(e), (g). Further, the argument section of the brief fails to "contain a clear and concise argument for the contentions made" and fails to contain appropriate

---

[1]   Although the cover of the brief states that appellant is waiving oral argument, the brief fails to "include a statement explaining why oral argument . . . should not be permitted." TEX. R. APP. P. 38.1(e).

citations to the record. *Id.* 38.1(i). For example, the section of the brief presenting the first point of error argues that the State failed to tender material exculpatory evidence to the defense in a timely manner, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), but it neither identifies the evidence that was allegedly withheld from the defense nor provides any citations to the record from which the evidence could be identified. Moreover, by failing to present a statement of facts or to provide a full discussion of the evidence presented in the trial court, the new brief fails to comply with our August 26, 2014 order. Accordingly, we once again strike appellant's defective brief. *See* TEX. R. APP. P. 38.9.

However, because appellant's brief was originally due on May 12, 2014, and because counsel has now filed two defective briefs with this Court, thereby causing significant delay in this appeal, we will not require counsel to file another brief.

We therefore abate this appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Bexar County District Attorney's Office and appellant's counsel, Shawn Sheffield, shall be present. *See* TEX. R. APP. 38.8(b) (requiring appellate court to abate case to trial court for hearing when appellant in criminal case fails to timely file brief), 38.9(a) (authorizing appellate court to proceed as if party failed to file brief when party fails to file proper brief after being afforded opportunity to amend or redraw original brief), 38.9(b) (authorizing appellate court to "make any other order necessary for a satisfactory submission of the case" when party's brief fails to properly present case). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[2]

The trial court is directed to:

(1) determine whether appellant still wishes to prosecute the appeal;
(2) if appellant does wish to prosecute the appeal, appoint substitute appellate counsel at no expense to appellant and allow counsel Shawn Sheffield to withdraw from this case;
(3) make any other findings and recommendations the trial court deems appropriate; and
(4) enter written findings of fact, conclusions of law, and recommendations as to

---

[2] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2014); TEX. R. APP. P. 38.8(b), 38.9.

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date, which shall be no later than 20 days from the date of this order, and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
                   ☒ Acting individually     ☐ Acting for the Court

Date: February 5, 2015